IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Jordan Espinal,

    Plaintiff,

vs.

All-State Construction and Restoration LLC,
a Florida Limited Liability Company,
and Robert DeCosey, an individual,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, Jordan Espinal, sues Defendants, All-State Construction and Restoration LLC and Robert DeCosey, and shows:

### Introduction

1. This is an action by Jordan Espinal against his former employers against his former employers for unpaid overtime pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Court has jurisdiction pursuant to 29 U.S.C. § 216(b).

3. The claims arose within the Middle District of Florida, which is where venue is proper.

### Parties and General Allegations

4. Plaintiff, Jordan Espinal, (hereinafter "Espinal") a resident of Polk County, was at all times material, employed by All-State Construction and Restoration, LLC, as a laborer

was an employee as defined by 29 U.S.C. § 203(e), and during his employment with All-State Construction and Restoration, LLC, was engaged in commerce or in the production of goods for commerce.

5. Defendant, All-State Construction and Restoration, LLC, (hereinafter, "All-State"), is a Florida Limited Liability Company with headquarters in Orlando, Florida, doing business throughout the Middle District of Florida, is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

6. Defendant, Robert DeCosey ("hereinafter, "DeCosey"), who resides in the Middle District of Florida, was, or now is, an owner and/or operator of Defendant All-State. DeCosey determined Espinal's work schedule, job duties, rate of pay, and generally controlled the terms and conditions of his employment. Thus, DeCosey and All-State are joint employers and constitute the same employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

7. Plaintiff Espinal worked more than 40 hours per week for most weeks of his employment, but was not paid overtime compensation at time-and-a-half his regular rate of pay.

8. The failure to pay overtime wages to Espinal is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. §

213(a), in that he was an hourly waged employee and was neither a bona fide executive, administrative nor professional employee.

### Count I – Violation of FLSA by all Defendants – Overtime

9. Plaintiff, Jordan Espinal, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 8 above.

10. Since on or about February 2022 through March 2024, Defendant All-State has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically Espinal, during his employment, worked in excess of 40 hours a week during several weeks of his employment as outlined above, but was not compensated for all overtime hours at one and one-half times his regular rate.

11. Espinal is entitled pursuant to 29 U.S.C. § 216(b), to recover from All-State and DeCosey:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, Jordan Espinal, prays that this court will grant judgment against Defendants All-State and DeCosey:

    a. awarding Espinal payment of overtime compensation found by the court to be due to him under the Act;

    b. awarding Espinal an additional equal amount as liquidated damages;

    c. awarding Espinal his costs, including a reasonable attorney's fee; and

      d.    granting such other and further relief as is just.

## Jury Demand

Plaintiff demands trial by jury.

Dated: May 6, 2024
Plantation, Florida

Respectfully submitted,

*/s/ Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*