**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
CASE NO.: 6:24-CV-849-PGB-EJK

Jordan Espinal,

    Plaintiff,

vs.

All-State Construction and Restoration LLC,
a Florida Limited Liability Company,
and Robert DeCosey, an individual,

    Defendants.
_____/

**JOINT MOTION TO REVIEW AND APPROVE FLSA SETTLEMENT AND DISMISS ACTION WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff and Defendants, by and through their respective undersigned counsel, hereby jointly move the Court to review and approve their FLSA settlement, and as grounds therefor state as follows:

1. Plaintiff alleges that Defendants violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), by failing to pay him alleged unpaid overtime wages, alleged liquidated damages, and alleged costs and attorneys' fees. Defendants vigorously deny any wrongdoing under the FLSA, and further deny that Plaintiff is entitled to any relief whatsoever. The parties agree that there is a bona fide, good faith dispute as to both liability and damages regarding Plaintiff's claims.

2. To avoid the costs and uncertainty of further litigation, the parties have negotiated a settlement of this matter. Pursuant to *Lynn's Food Stores, Inc. v. United*

*States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with the approval of the district court (or under the supervision of the U.S. Department of Labor).  The parties request that the Court review and approve their settlement and dismiss this action with prejudice.  The parties further request that the Court reserve jurisdiction to enforce the terms of the settlement, should such enforcement be necessary.

      3.      All parties are represented by counsel in this action, and all parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length compromise of Plaintiff's claims.

      4.      A copy of the settlement agreement entered into by the parties is attached hereto as Exhibit "A."

      5.      The amount to be paid to Plaintiff pursuant to the Settlement Agreement has not been and will not be compromised by the deduction of attorneys' fees. The Plaintiff, however, will be responsible for his share of the parties' mediation that took place with mediator Carlos J. Burruezo, Esq. on February 19, 2025, which will be deducted from the settlement proceeds.

      6.      Plaintiff's counsel represents the attorney's fees to be paid pursuant to the Settlement Agreement amounts to a compromise of, and reduction in, the actual attorneys' fees incurred by Plaintiff's counsel.

      7.      Plaintiff's counsel represents that he has expended approximately 27 hours to date in the prosecution of the instant action.

      8.      Plaintiff's counsel further represents that he has experience representing

individual employees with wage and hour issues and claims in federal and state courts, as well as mediating numerous minimum wage and/or unpaid wage cases.

9. Plaintiff's counsel represents that his regular rate for this case was $450/hour and, Plaintiff's counsel to date has expended approximately $12,500.00 in fees and costs representing Plaintiff.

10. Based on the foregoing information, the parties submit that the attorneys' fees and costs to be paid as part of the Settlement Agreement are reasonable.

11. In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir.1982). To approve a settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. Id. at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. Id.; *see also Sneed v. Sneed's Shipbuilding, Inc.,* 545 F.2d 537, 539 (5th Cir. 1977).

12. The parties represent and agree that the Settlement Sum, including the attorney's fees paid as part thereof, is a fair and reasonable settlement of Plaintiff's FLSA claims and that those fees and costs were negotiated and settled independently in accordance with the holding in *Bonetti v. Embarq. Mgmt. Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). See Exhibit A at ¶ 2.

WHEREFORE, Plaintiff and Defendants jointly request that the Court enter

an order (a) approving the parties' settlement; (b) dismissing this action with prejudice; and (c) reserving jurisdiction to enforce the terms of the settlement, should such enforcement be necessary.

Respectfully submitted on March 20, 2025,

| | |
|---|---|
| */s/ Robert S. Norell, Esq.* | */s/ Benjamin S. Briggs, Esq.* |
| Robert S. Norell, Esq. | Benjamin S. Briggs, Esq. |
| Fla. Bar No. 996777 | Fla. Bar No. 113814 |
| E-Mail: rob@floridawagelaw.com | E-Mail: Ben.briggs@arlaw.com |
| **ROBERT S. NORELL, P.A.** | **ADAMS AND REESE LLP** |
| 300 N.W. 70th Avenue | 100 N. Tampa Street, |
| Suite 305 | Suite 4000 |
| Plantation, Florida 33317 | Tampa, Florida 33602 |
| Telephone: (954) 617-6017 | Telephone: (813) 402-2880 |
| Facsimile: (954) 617-6018 | Facsimile: (813) 227-5638 |
| *Counsel for Plaintiff* | *Counsel for Defendants* |